JOSEPH M. TRASK *vs.* SEWALL S. WHEELER.

The tenant in a real action cannot avail himself of a lease for years, under a plea of *nul disseisin*.

Using leased premises as a place of resort for illegal gaming and the illegal keeping and sale of intoxicating liquors, by a tenant for years, does not, under Gen. Sts. c. 87, §§ 6, 8, render the lease absolutely void, but renders it void at the election of the lessor.

A lessor's right to reënter leased premises for a forfeiture of the lease is not assignable.

WRIT OF ENTRY to recover a piece of land with a building thereon. The plea was *nul disseisin.*

At the trial in this court, before *Chapman,* J., it appeared that in April 1862, E. C. Sawyer, being then the owner of the demanded premises, executed a lease thereof for years to the tenant, and in August following conveyed the premises to one Prince, who, on the 18th of March 1863, conveyed them to the demandant. The demandant also held a mortgage upon the premises, and received the rent from the tenant from June 1862 to January 1863, under an order from Sawyer. On the 1st of April 1863 the tenant offered to pay the rent for the quarter which then expired, but the demandant refused to receive the same, alleging that the tenant had forfeited his title under the lease by using the building as a place of resort for illegal gaming and the illegal keeping and sale of intoxicating liquors, contrary to Gen. Sts. *c.* 87, §§ 6, 8, from April 1862 to the 31st of March 1863. The jury found specially that the premises had been so used from April 22d 1862 to the 1st of July 1862 ; and the case was reserved for the determination of the whole court.

*P. E. Aldrich,* (*P. C. Bacon* with him,) for the demandant, cited Taylor Land. & Ten. §§ 295, 492; 1 Washburn on Real Prop. 323, *n. 5*; *Ludlow* v. *New York & Harlem Railroad,* 12 Barb. 440, 442, 443; *Smith* v. *Saratoga County Ins. Co.* 3 Hill, (N. Y.) 508.

*G. F. Verry,* for the tenant.

CHAPMAN, J. As the pleadings now stand, the tenant's title cannot be maintained. He pleads *nul disseisin,* and thereby claims that he is tenant of the freehold. But his only title in fact is a lease for years. In order to avail himself of this, he should have filed a specification of defence with his plea, alleging non-tenure of the freehold, and setting forth his right of possession under the lease.

At the time when the demandant acquired his title, the tenant was in possession under his lease. The demandant averred that the tenant had forfeited his title under the lease, and that the lease had become null and void, because the tenant had used the building as a place of resort for illegal gaming and the illegal keeping and sale of intoxicating liquors, contrary to the provisions of Gen. Sts. *c.* 87, §§ 6, 8. The jury found that he

thus used the building from April 22d to July 1st 1862, and no longer. If they had found that he continued this use till after the date of the demandant's deed, viz: March 18th 1863, there could have been no doubt of the demandant's right to recover, for § 8 provides that such use shall annul and make void the lease, and, without any act of the owner, shall cause the right of possession to revert and vest in him, and he may without process of law make immediate entry.

The demandant contends that the effect is the same, though this use of the building was not continued after July 1st 1862. But the court are of opinion that this is not a correct interpretation of the statute. If it were to be held that the lease is thus made void, against the will of the landlord, any tenant desiring to get rid of his lease might do so simply by violating the statute. The provision must be regarded as made for the benefit of the landlord, who may avail himself of it, but is not obliged to do so. Though the lease is declared void, yet it belongs to the class of things which are said to be void only as to some persons. Bac. Ab. Void and Voidable, B. The landlord had a right to treat it as void, and to enter and expel his tenant. But he might also refrain from this exercise of his rights, and so long as he did so refrain, the lease would be valid against the tenant, and all other persons ; and it would continue valid till he should do some act to avoid it. The ancient doctrine that a mere right of entry for forfeiture cannot be assigned has never been relaxed; *Rice* v. *Stone*, 1 Allen, 566; and it applies to this case. When Sawyer conveyed to the demandant, no act had been done to indicate his purpose to avoid the lease ; the tenant was in possession paying rent; and the right of entering for forfeiture did not pass to the demandant. Under the circumstances of the case, the tenant should be permitted to file a proper specification of defence, and, upon his doing so, judgment is to be rendered in his favor.